PLOTKIN, Judge.
Plaintiffs Elma Vale and Gerard Vale appeal a trial court judgment in favor of defendant, Louisiana State Department of Transportation and Development (DOTD). We affirm.
Both plaintiffs claim to have been injured when their car hit the median separating northbound and southbound traffic on Paris Road in St. Bernard Parish. The accident occurred on January 6,1990, during a driving rainstorm. Mr. Vale, who was driving, stated at trial that he had turned onto Paris Road about three blocks before the site of the accident and that he was unable to see the lane markings. He was trying to get from the left lane of traffic over to the shoulder of the road to wait out the rainstorm when the car struck “something.” Both plaintiffs testified to experiencing a sensation that all four tires of the car had left the road. The injuries, compression fractures of both plaintiffs’ backs, were allegedly a result of the “jolt” received when the tires came back into contact with the road.
Mr. Vale testified that he pulled over to the shoulder of the road and looked to see what he might have hit. However, he stated, he was unable to see anything at the time. The plaintiffs then drove home and their son took them for medical treatment. Two days later, on January 8, Mr. Vale went back to the scene of the accident. At that time, he surmised that he must have struck the median at the end of the center left-turning lane of the highway. He testified that he found a single tire track on the median on January 8; he admitted that he had no way of knowing whether the track was made by his ear.
The plaintiffs filed suit against the DOTD, claiming that their injuries were a result of the improper design and/or maintenance of the median in question. After a full trial on the merits, the trial judge entered judgment in favor of the DOTD, finding that the plaintiffs had “failed to carry their burden of proof; that is, to prove by a preponderance of the evidence that the design or construction of the neutral ground was in some way defective.” Plaintiffs appeal, claiming that the trial judge erred legally because he failed to consider whether the median in question was defective because of improper maintenance.
As noted by the plaintiffs, the burden of proof to entitle plaintiffs to recover damages from the DOTD for injuries allegedly caused by the defective condition of a roadway are identical, regardless of whether the suit is based on negligence or strict liability. Valet v. City of Hammond, 577 So.2d 155, 164 (La.App. 1st Cir.1991). Under either theory, the plaintiff must prove the following elements:
(1) that “the defendant owned or had custody of the thing which caused the damage”;
(2) that “the thing was defective in that it created an unreasonable risk of harm to others”;
(3) that “the defendant had actual or constructive knowledge of the defect or risk of harm posed thereby and failed to take corrective action within a reasonable time”; and
(4) “causation.”

Id.

In the instant ease, the DOTD unquestionably owned or had custody of the median, which is the thing which the plaintiffs allege caused their damages; the DOTD does not dispute that fact. Thus, the first element in the burden of proof is met. Additionally, the plaintiffs proved that the State had knowledge, through its employees of the condition of the median at the time of the accident, which would be sufficient proof of *1329 the third element of the burden of proof. However, the record reveals, as the trial court found, that the plaintiffs failed to prove meet the second and fourth elements of the burden of proof. Concerning the second element, the plaintiffs failed to prove that “the thing,” the median “was defective in that it created an unreasonable risk of harm to others” because of improper maintenance. Additionally, and perhaps more importantly, the plaintiffs failed to prove causation.
On the second element, the alleged defective condition of the median, the plaintiffs make two separate arguments: (1) that the median was defectively designed, and (2) that the median was defectively maintained.[1]
Concerning the alleged defective design of the median, the plaintiffs claim that the fact that the center left-turn lane widens as it approaches the median, coupled with the fact that the highway curves two degrees at that point, placed the median directly in the left-lane line of travel. Additionally, the plaintiffs make a number of suggestions about how the median might have been “better” designed. However, the plaintiffs do not explain how those conditions make the median defective. Moreover, the testimony presented at trial indicates that both the median and the center turning lane which approached the median were properly designed according to proper DOTD standards. Thus, we find no merit in the plaintiffs’ arguments on this issue.
Concerning the alleged improper maintenance of the median, the plaintiffs point to the presence of a “mound of mud” on the median, which they claim made the surface of the median “discontinuous.” The mound of mud, they claim, was caused by large trucks making U-turns around the median. They cite testimony indicating that the median was not designed to contain that mound of mud, insinuating that the presence of the mound of mud therefore automatically made the median defective. The median was designed with a “rollover” curve, the plaintiffs claims, which means that the DOTD recognized the possibility that someone would hit the median. If the mound of mud had not been present, the plaintiffs claim, the car would simply have rolled off the median, and they would not have suffered damages. They speculate that it was the presence of this mound of mud which caused both the sensation that all four tires of the vehicle had left the roadway and the huge jolt which resulted in their injuries.
Although the trial court’s reasons for judgment do not specifically address the mound of mud, the trial judge make the following statements concerning the condition of the median.
... Paris Road does not suddenly become a divided highway, but is divided for its entire length in St. Bernard Parish. In the populated area south of Law Street the division is painted on so that vehicles can more safely and easily turn left and right. As Palis Road approaches an undeveloped area, a grassy neutral ground slopes gently up from the asphalt roadway. Signs indicating this fact were posted at the time of the accident. The layout of the road has been relatively unchanged for many years.
The above reasons for judgment indicate that the trial judge found that the highway in question was not defectively maintained despite the presence of the mound of mud, presumably because the mound of mud did not present an “unreasonable risk of harm” to the ordinary, prudent driver.[2] We cannot *1330 say that that finding was manifestly erroneous.
More importantly, as indicated by the trial judge, even if the mound of mud did create a defective condition, the plaintiffs failed to prove the fourth element of their cause of action — that the defective condition caused the accident in this case. In fact, we find that the plaintiffs failed to prove by a preponderance of the evidence that they even hit the median in question. Mr. Vale stated specifically that he did not know what he hit on the night of the accident and that it was only when he returned to the scene two days later that he “assumed” that he hit the median. Thus, the plaintiffs’ theory that the injuries occurred when their car hit the mound of dirt on the median of the roadway is based purely on speculation.
Proof of causation by a preponderance of the evidence must be premised on something more than supposition and assumptions. Although proof of causation, as of any other element, may be based on circumstantial evidence, the proof presented by the plaintiffs in the instant case does not even rise to the level of circumstantial evidence since the plaintiffs presented no evidence of the circumstances present on the roadway at the time of the accident. The plaintiffs both admitted that they could not see the roadway immediately after the accident; they also admitted that they did not get out of the car at that time and attempt to discover the cause of the accident. Defendants may not be held liable for injuries to plaintiffs without some proof that the defendants did something which caused the plaintiffs’ injuries. In this case, such proof is sorely lacking.
Ultimately, the trial judge entered judgment in favor of the defendant because it found that the cause of the accident was the rainy conditions, combined with Mr. Vale’s failure to respond properly to those conditions in his driving maneuvers. We find that conclusion is supported by the preponderance of the evidence presented at trial.
Since we find no manifest error in the trial court decision, we affirm the trial court judgment in favor of the defendant.
AFFIRMED.

. Much of the plaintiffs’ brief on this issue is devoted to proving a legal question — that the DOTD has a duty to keep highways, shoulders, and medians in a reasonably safe condition. However, the DOTD has not disputed the existence of such a duty and the trial court did not find that no such duty exists. Rather, the DOTD claims, and the trial court found, that the DOTD did not breach that duty.

. The plaintiffs claim that the DOTD also owes a duty to protect imprudent drivers, citing cases holding the DOTD liable for defects in shoulders. However, we agree with the DOTD that shoulders and medians are different and the DOTD has a right to treat them differently. The shoulder of a roadway is specifically designed for vehicular travel under certain circumstances. The median, on the other hand, is not designed for vehicular travel under any circumstances. Thus, we find that the cases cited by the plaintiffs have no application in this situation.